## JANES v. JANES.

No. 21617. Opinion Filed April 25, 1933.

W. C. Madison, for plaintiff in error.

O. A. Cargill and J. L. Gowdy, for defendant in error.

ANDREWS, J. The plaintiff in error instituted an action against the defendant in error in the district court of Oklahoma county. The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. That demurrer was sustained. The plaintiff refused to plead further, and judgment was rendered in favor of the defendant. The plaintiff appealed to this court.

The plaintiff alleged that he had been induced to enter into a marriage relation with the defendant by reason of certain false and fraudulent representations of the defendant, which were known by the defendant to be false and which the plaintiff believed to be true; that after the engagement and prior to the marriage, he advanced money to the defendant and paid out money for the use and benefit of the defendant, and that after the marriage he paid out money for the use and benefit of the defendant. He alleged therein that the defendant had procured a judgment of divorce from him. He alleged that he did not discover that the representations made to him were false and fraudulent until after the decree of divorce had been rendered.

There was no allegation of any defect or fraudulent act of the defendant in the divorce proceedings. The property rights of the parties were adjudicated by the judgment in that case. The divorce destroyed the marital relationship as completely as any decree of annulment could do so. The attack upon the divorce decree is a collateral attack, and it cannot be sustained. Since the marital relationship has been dissolved, the prayer for the annulment of the marriage cannot be granted. Our attention is called to no authority holding that a marriage may be annulled after the parties thereto have been lawfully divorced by a judgment which operates to divorce each of the parties to the marital relationship, and we know of none. Though the plaintiff alleged that the defendant had induced him to enter into the marriage with her by fraudulent representations, that allegation of fact is not sufficient to entitle him to recover a money judgment for money expended in support of his wife while he was living with her as her husband, or for money expended on her after the engagement and prior to the marriage, after the rights of the parties have been settled by a decree of divorce and alimony.

The basis for the claim of the plaintiff is that he "* * * had and has strong, fixed and conscientious moral scruples against the marriage of divorced people while the other party to the divorce is living, and that the plaintiff has always considered such a marriage as morally equivalent to bigamy and adultery and wholly null and void. * * *" Our attention is called to no decision holding such a fact to be sufficient as a basis for a recovery of damages.

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.