BLUNT v. BLUNT et ux.

No. 32432. Jan. 21, 1947.

*176 P. 2d 471.*

Melton, McElroy & Vaughn, of Chickasha, for plaintiff in error.

Hatcher & Bond, of Chickasha, for defendants in error.

BAYLESS, J. This action was commenced by Clarence Blunt and Lillie Bell Blunt, parents of Edgar R. Blunt, to annul the marriage between Edgar R. Blunt and Emma Lee Blunt. Judgment was for the plaintiffs annulling the marriage, and the defendant Emma Lee Blunt appeals.

The record discloses that Edgar R. Blunt and Emma Lee Blunt were married in Reno, Nevada, and at that time Edgar R. Blunt was 18 years old, and the marriage was entered into without the consent of his parents. Thereafter a child was born to them. After a hearing in the trial court a judgment of annulment was entered on the theory

that the marriage having been contracted without the consent of the parents, it was subject to be annulled in a suit brought by them under the provisions of 12 O.S. 1941 §1283.

It is first contended that the parents of Edgar R. Blunt cannot maintain the action under the statute above in their own name, but that it must be brought on behalf of Edgar R. Blunt. However, in view of our disposition of this case, we find it unnecessary to discuss this or the other contentions made.

The vital point presented by this record is not discussed by the parties but it is one that addresses itself to the court out of consideration of the public policy involved. Hunt v. Hunt, 23 Okla. 490, 100 P. 541; Nelson, Divorce and Annulment, page 334, dealing with estoppel or waiver; and other authorities. Equitable procedure is adopted in Oklahoma for the exercising of the power of annulment granted to the courts under the statute above. While marriage is essentially a matter of contract between the parties, and when a marriage is ended by a decree of annulment, it is usually done so on grounds that apply to the cancellation of contracts. However, the relationship brought about by marriage is of such public concern as to require the courts to scrutinize actions to annul marriages to discern their probable effect upon the public as upon the individual parties. Ross v. Bryant, 90 Okla. 300, 217 P. 364.

The rule relating to contracts is that when a contract has been made to which a person must give his assent to be bound thereby or to give the contract entire validity, that person must act with reasonable promptness when confronted with the knowledge that a contract has been entered into without his consent but nevertheless with the intent to bind him. 3 C.J.S. 144 and the authorities cited in the footnotes. The general rule also is that the conduct of a party who has not consented to a contract in the meaning of that term as used in contract law may nevertheless bind him to the contract, and the rules of law relating to waiver, estoppel, and ratification are properly used in such cases.

These rules ought to apply to this case with particular force. This contract of marriage was followed by a child and the public is concerned. Although this 18-year-old boy married and entered into the state without the knowledge and consent of his parents, letters passed from his parents to him in an acquiescing tone and in full recognition of the marriage. The couple returned to Oklahoma and made their home with the boy's parents. After the boy had gone to the army his wife and child continued to reside with the parents until ill will between the mother of the boy and the wife caused the wife to take up her residence elsewhere. The mother's explanation for her conduct was that she was pretending to be satisfied about the marriage until she could obtain possession of the marriage certificate, whereupon she intended to seek an annulment of the marriage. The father explained his apparent acquiescence when he permitted the young people to live in his home after their return to Oklahoma despite his asserted opposition to the marriage by saying: " . . . but we thought we'd just put up with it, . . ."

Under these circumstances, in the light of the authorities cited, we are of the opinion that the plaintiffs are not to be permitted to maintain this action. Their conduct is inequitable. When they learned of the marriage and had their first opportunity to seek an annulment, if they are permitted to do so under the statute above, they deliberately omitted so to do. By their own testimony they both were actuated by motives incompatible with the public policy that is involved in these matters. Therefore, we deem it unnecessary to determine whether the parents were authorized to maintain the action to annul in their own name as argued by the parties herein since, even if they were, their conduct precludes them from so doing.

The judgment appealed from is re-

140

versed and the cause is remanded, with directions to dismiss the action.

HURST, C.J., and RILEY, OSBORN, CORN, and GIBSON, JJ., concur. DAVISON, V.C.J., and WELCH and ARNOLD, JJ., concur in result.

WELCH, J. (concurring specially in result). I concur fully in the result reached, that is, the complete reversal of the trial court judgment and remand with directions to dismiss. However, in so doing I think we should make it plain that we do not in the least imply that in such a case as this, 12 O.S. 1941 § 1283 grants to or confers upon parents any personal or individual rights to themselves to have their son's marriage annulled, as here contended.

That section of the statute deals with persons who "shall be *incapable* from want of age or understanding *of contracting* such marriage." (Emphasis ours.) Legislative intent is not indicated to place this son in that classification because he is under 21, as contended, and to keep him in such classification until he is 21. The courts should not so classify this young man, and we make it plain this decision does not do so.

DAVISON, V.C.J., and OSBORN and ARNOLD, JJ., concur in these views.