The Attorney General is in receiPt of your letter wherein you ask, in effect, the following question: May a dependent whose marriage has been annulled be covered under the group insurance policy of the State? The definition of a dependent, 74 O.S. 1303 [74-1303](f) (1978), under the State Employees Group Health and Life Insurance Act is as follows: (f) "Dependent" means an employee's spouse and any unmarried child (1) under the age of nineteen (19) years, regardless of residence, providing that the employee is primarily responsible for their support, including (a) an adopted child and (b) a stepchild or child who lives with the employee in a regular parent-child relationship, or (2) under the age of twenty-three (23) and who is dependent upon the employee for support who is enrolled as a full-time student at an accredited secondary school, college, university or institution of higher learning accredited by the State Department of Education, State Board of Vocational and Technical Education, State Regents for Higher Education or the Oklahoma Board of Private Schools, and (3) regardless of age who is incapable of self-support because of mental or physical incapacity that existed prior to his reaching the age of nineteen (19) years. The State Employees Group Health and Life Insurance Board may also extend dependent life insurance in an amount to be determined by the Board to each insured employee who elects to insure his eligible dependents. See 75 O.S. 1303 [75-1303](i) (1978). Therefore, dependents of the insured under the state plan have coverage. In Oklahoma, annulments are recognized under 12 O.S. 1281 [12-1281](a) (1971), 12 O.S. 1281 [12-1281](b) (1971) and 12 O.S. 1283 [12-1283] (1977). The case law in Oklahoma also supports the fact that Oklahoma recognizes annulments. Janes v. Janes, Okl. 21 P.2d 500 (1933); Whitney v. Whitney, 134 P.2d 357
(1943); Blunt v. Blunt, 176 P.2d 471 (1947). "An annulment" differs conceptually from a divorce in that a divorce terminates a legal status whereas an annulment establishes that a marital status never existed." Whealton v. Whealton, 63 Cal.Rptr. 291, 294, 432 P.2d 979 (1967); Pappas v. Pappas, 91 N.E.2d 745, 340 111 App. 416 (1950). "Annulment, as applied to marriage means to declare it void or render it invalid. The action to annul is that no valid marriage ever came into existence." 55 C.J.S., Marriage 48 (1957). It is, therefore, the opinion of the Attorney General that a dependent who has had a marriage annulled was never married, and consequently, that dependent could receive benefits under the State Employees Group Health and Life Insurance Act. (STEVE SHANBOUR) (ksg)